UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JULIE DOSCH,

Plaintiff,

v.

THERMO FISHER SCIENTIFIC, INC., a Delaware Corporation; and DOES 1 through 50, inclusive,

Defendants.

Case No.: 25-cv-02856-AJB-JLB

**ORDER DENYING JOINT MOTION TO EXTEND DEADLINES**

**(Doc. No. 20)**

Before the Court is the parties' Joint Motion to Continue All Current Deadlines. (Doc. No. 20.) The parties state that they are "actively working to schedule the depositions of multiple witnesses and have tentatively secured mutually agreeable dates for several of the necessary witnesses in September and October 2026." (*Id.* at 2.) The parties provide that "additional time is needed to complete the deposition schedule, with the remaining depositions expected to take place in late October, November, and possibly December 2026." (*Id.*) This is the parties' second extension request.[1] (Doc. Nos. 18; 19.) On

[1] Although the Joint Motion states this is the parties' third extension request (Doc. No. 20 at 2), the docket reflects only one previous extension that was requested and granted.

August 11, 2026, finding that the Joint Motion did not sufficiently address the parties' diligence in pursuing fact discovery to date, the Court issued an Order requiring a supplemental brief. (Doc. No. 21.)

The Court ordered the parties to address the number of depositions completed to date, and how many remain outstanding. (*Id.*) The Court also required that the parties provide good cause for why any outstanding depositions cannot be completed before the current October 9, 2026 fact discovery cutoff date. (*Id.*) The Court noted that "an overextended case load is not necessarily good cause unless it is the result of events unforeseen and uncontrollable by both counsel and client." (*Id.* (quoting *Reed v. Kariko*, No. 3:20-cv-5580-BHS-DWC, 2021 WL 3563089, at *2 (W.D. Wash. June 30, 2021)). Finally, the Court asked the parties to address which, if any, of the outstanding depositions will impact expert opinions. (*Id.*)

On August 17, 2026, the parties filed their supplemental brief. (Doc. No. 22.) The parties provide the following: (i) no depositions have occurred to date; (ii) there is currently only one deposition scheduled, (iii) two depositions are anticipated to be taken some time in late September or early October, (iv) and the parties are still conferring on the availability of Hrissi Samartzidou and of Defendant's Rule 30(b)(6) designee. (*Id.* at 2.) The parties did not address which of the outstanding depositions will impact expert opinions. (*See generally id.*) Plaintiff's counsel states that she has previously scheduled, conflicting obligations, including trial and depositions in unrelated matters. (*Id.* at 3.)

"[D]istrict judges have broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16." *Avila v. Willits Env't Remediation Tr.*, 633 F.3d 828, 833 (9th Cir. 2011). Federal Rule of Civil Procedure 16(b)(4) requires "good cause" and "the judge's consent" to modify a scheduling order. Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the

focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* at 609 (citation omitted). If the moving party fails to show diligence, "'the inquiry should end.'" *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1295 (9th Cir. 2000) (quoting *Johnson*, 975 F.2d at 609).

Here, the parties do not meet their burden to show good cause justifying a three-month extension of the fact discovery cut-off, much less an extension of all remaining dates and deadlines. The Joint Motion states that Plaintiff's counsel has obligations in other matters, and an extension is "necessary to accommodate counsel's pre-existing obligations." (Doc. No. 22 at 3.) However, two other attorneys of record have appeared on Plaintiff's behalf in this matter. The Joint Motion is silent as to those attorneys' schedules and availability to participate in the outstanding depositions and discovery. Moreover, the parties do not identify which, if any, outstanding depositions or discovery will affect the expert opinions. Accordingly, the parties have not established good cause to extend the expert discovery deadlines. The Joint Motion to Continue All Current Deadlines is **DENIED without prejudice**. Any subsequent extension request must adequately demonstrate the parties' diligence in complying with the current deadlines.

**IT IS SO ORDERED.**

Dated: August 18, 2026

Hon. Anthony J. Battaglia
United States District Judge